UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINICK T. JOHNSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No. 1:19-CV-9
(Crim. Case No. 1:15-CR-90)

HON. GORDON J. QUIST

# **OPINION**

Pursuant to 28 U.S.C. § 2255, Dominick T. Johnson timely moves to vacate, set aside, or correct his sentence, arguing four grounds for relief: (1) that the predicate offenses for his 18 U.S.C. § 924(c) charges are not "crimes of violence"; (2) that the Court failed to consider the 18 U.S.C. § 3553(a) factors at sentencing by not taking into account the mandatory consecutive § 924(c) terms; (3) that the Court was not authorized to impose mandatory consecutive § 924(c) terms because the brandishings were part of the conspiracy; and (4) that trial counsel was ineffective at sentencing for not objecting to stacked § 924(c) terms. (ECF No. 1.) The Government has responded. (ECF No. 4.) The Court finds that Johnson's arguments fail procedurally and on the merits, so the Court will deny Johnson's motion.

## **I. Background**

Johnson and his co-defendant, Nathan Benson, were indicted on May 14, 2015, in a four-count indictment alleging armed bank robbery and related offenses. On July 15, 2015, a superseding indictment charged Johnson with seven counts: conspiracy to commit bank robbery—Count 1—in violation of 18 U.S.C. § 2113(a); three counts of armed bank robbery—Counts 2, 4,

and 6—in violation of 18 U.S.C. § 2113(a), (d), and (e); and three counts of brandishing a firearm during and in relation to the bank robberies—Counts 3, 5, and 7—in violation of 18 U.S.C. § 924(c). In January 2016, a jury found Johnson guilty on all seven counts.

On July 19, 2016, Johnson appeared for sentencing. Trial counsel for Johnson contested whether multiple sentences under § 924(c) must run consecutively and argued that the total sentence violated the Eighth Amendment as cruel and unusual punishment, though counsel conceded that controlling precedent foreclosed both arguments and made the objections merely to preserve the issues for appeal. (Case No. 1:15-CR-90, ECF No. 136 at PageID.721-22.)

Trial counsel also argued for a downward variance based on the disproportionality of the recommended sentence as compared to Benson, who had previously pled guilty as part of a plea deal, and on the total length of the recommended sentence. (*Id*. at PageID.722-31.) The Court recognized that it had discretion to reduce the guidelines sentence, but expressed concern that if the statute changed with regard to the § 924(c) terms, a reduced sentence would not reflect the seriousness of the crimes. (*Id*. at PageID.734-35, 742.) The Court also noted that Benson was in a very different position than Johnson because Benson pled guilty, cooperated with the government, and rendered substantial assistance in the prosecution of others. Accordingly, the Court sentenced Johnson to a within-guidelines sentence of 188 months' imprisonment on Counts 1, 2, 4, and 6; seven years on Count 3 to be served consecutively to all other counts; and 25 years on Counts 5 and 7 to be served consecutively to each other and all other counts. (*Id*. at PageID.742-43.)

Johnson appealed, arguing, among other things, that the Court failed to consider the mandatory § 924(c) terms when exercising its discretion under § 3553(a)—Johnson's second argument here—and that his § 924(c) terms could not be stacked because the terms under Counts

5 and 7 were not "second or subsequent" convictions—incorporated into Johnson's fourth argument here as an ineffective assistance of counsel claim. The Sixth Circuit rejected Johnson's arguments and affirmed Johnson's conviction and sentence on appeal. *United States v. Johnson*, 702 F. App'x 349 (6th Cir. 2017).

## II. Motion Standard

Pursuant to 28 U.S.C. § 2255(a), a prisoner in the custody of the United States may seek collateral relief from a sentence where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A "[s]ection 2255 [motion] is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594 (1982)). Consequently, a habeas court will not readjudicate claims raised and rejected on direct review "absent countervailing equitable considerations." *Withrow v. Williams*, 507 U.S. 680, 720–21, 113 S. Ct. 1745, 1769 (1993); *see also DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) ("A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.").

Additionally, claims that a movant failed to raise on direct review are procedurally defaulted and "may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice', or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611 (1998) (internal citations omitted). To show cause, a movant must demonstrate "that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639,

2645 (1986). The movant also carries the burden of showing actual prejudice—"not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170, 102 S. Ct. at 1596 (emphasis in original). In the absence of cause and actual prejudice, the movant may present a new claim only if he can show actual innocence. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely that not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611 (internal citations omitted). Importantly, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id*.

Despite the barriers to raising new claims on collateral review, ineffective assistance of counsel claims are generally not reviewable on direct appeal, but instead must be raised in a motion under § 2255. *United States v. Quinlan*, 473 F.3d 273, 280 (6th Cir. 2007) (citing *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693 (2003)).

A court must grant a hearing on a § 2255 motion "[u]nless the motion and the files and records of the case show that the prisoner is entitled to no relief." 28 U.S.C. § 1155(b). Here, Johnson's arguments are primarily legal arguments and any pertinent facts are unequivocally presented in the record, so the Court discerns no reason to grant an evidentiary hearing.

### III. Analysis

Johnson's arguments face several procedural hurdles and would, nevertheless, fail on the merits. The Court will briefly address each of the issues that Johnson raised in his motion.

### Issue I

Johnson first argues that the predicate offenses for his § 924(c) charges are not "crimes of violence." This issue was not raised on direct appeal, so it is procedurally defaulted. Johnson

4

claims that he can surpass the procedural hurdle because he is actually innocent of the § 924(c) charges, based on his argument that the robbery offenses could not serve as proper predicates. However, actual innocence refers to factual innocence, which is not the case here. *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611. And even if Johnson's argument were not procedurally defaulted, the Sixth Circuit has found that bank robbery convictions under § 2113 qualify as crimes of violence for the purposes of a § 924(c) conviction under the force clause.[1] *United States v. Henry*, 722 F. App'x 496, 500 (6th Cir. 2018) (citing *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016) (finding bank robbery to be a crime of violence under the analogous force clause of U.S.S.G. § 4B1.2)). Thus, for multiple reasons, Johnson's first issue fails.

## **Issue II**

Johnson next argues that the Court clearly erred in failing to take into account the mandatory consecutive § 924(c) terms when exercising its discretion under § 18 U.S.C. § 3553(a), in violation of Supreme Court precedent. However, this issue was raised and rejected on appeal, so it cannot be relitigated on collateral review. *Withrow*, 507 U.S. at 720–21, 113 S. Ct. at 1769. On appeal, the Sixth Circuit explained that while *Dean v. United States*, 137 S. Ct. 1170, 1176–77 (2017) *allowed* sentencing courts to consider § 924(c) stacked sentences when analyzing the § 3553(a) factors, the "Supreme Court did not hold that district courts are *required* to factor in § 924(c) mandatory minimums when calculating an appropriate sentence for the predicate offenses." *Johnson*, 702 F. App'x at 363 (emphasis in original). Therefore, Johnson's second issue also fails.

---

[1] Johnson requests in his reply that the Court stay these proceedings until the Supreme Court decides *United States v. Davis*, No. 18-431, which will determine whether the residual clause, § 924(c)(3)(B), is unconstitutionally vague. However, because armed bank robbery is a crime of violence under the force clause, § 924(c)(3)(A), even if the residual clause is found unconstitutional, it will not affect Johnson's sentencing. Thus, the Court discerns no reason to stay the proceedings.

**Issue III**

Johnson next argues that the Court erred by imposing consecutive § 924(c) sentences when the brandishings were part of the underlying conspiracy. This issue was not raised on appeal, so it is procedurally defaulted, and Johnson has not shown cause and prejudice or actual innocence to excuse the procedural default. Even if the issue had not been defaulted, it lacks merit because the armed bank robberies were the predicate offenses for the § 924(c) convictions, not the conspiracy, and, moreover, "Congress made itself unequivocally clear that punishment for violation of [§ 924(c)] was to be imposed in addition to punishment for committing the predicate offense." *United States v. Davis*, 306 F.3d 398, 418 (6th Cir. 2002). Johnson's third issue fails.

**Issue IV**

Finally, Johnson claims that trial counsel was ineffective at sentencing for not objecting to the stacked § 924(c) terms. This claim fails for multiple reasons. First, Johnson merely included this claim into his statement of issues but did not provide any factual or legal argument related to the claim, so the issue has been waived. *See United States v. Buford*, 627 F. App'x 518, 522 (6th Cir. 2015) ("By failing to fully develop this argument, he has therefore abandoned it.") (citing *Vander Boegh v. EnergySolutions, Inc.,* 772 F.3d 1056, 1063 (6th Cir.2014)). Second, trial counsel did object to the stacking of § 924(c) sentences, basing his objection on Justice Steven's dissent in *Deal v. United States*, 508 U.S. 129, 113 S. Ct. 1993 (1993). (Case No. 1:15-CR-90, ECF No. 136 at PageID.721-22.) Having launched an objection with articulated support, there was nothing more trial counsel could have done. Third, the Sixth Circuit rejected Johnson's argument against mandatory stacking on appeal, so even if trial counsel had not objected, Johnson would not be able to show that trial counsel was ineffective or that Johnson suffered prejudice. Thus, Johnson's final issue fails.

## IV. Certificate of Appealability

Having concluded that Johnson is not entitled to relief, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if the movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court concludes that, for the reasons stated above and because Johnson's arguments failed both procedurally and on the merits, reasonable jurists could not find this Court's conclusion that Johnson is not entitled to relief debatable or wrong. Therefore, the Court will deny Johnson a certificate of appealability.

## V. Conclusion

For the foregoing reasons, the Court will deny Johnson's § 2255 Motion and deny Johnson a certificate of appealability. A separate order will enter.

Dated: July 30, 2019              /s/ Gordon J. Quist
                                  GORDON J. QUIST
                                  UNITED STATES DISTRICT JUDGE